NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL MUTHONDU MUNANU, | No. 17-70556 |
| Petitioner, | Agency No. A089-315-969 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

Samuel Muthondu Munanu, a native and citizen of Kenya, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen, and review de novo

questions of law, including claims of due process violations due to ineffective

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Munanu's motion to reopen based on ineffective assistance of counsel, where he did not establish prejudice resulting from his prior counsel's performance with respect to either asylum and related relief or adjustment of status. *See id.* at 793 (a petitioner must demonstrate that counsel's performance may have affected the outcome of the proceedings). We reject Munanu's contentions that the BIA applied an incorrect legal standard or failed to consider evidence. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (the agency applies the correct legal standard where it expressly cites and applies relevant case law in rendering its decision); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

We reject Munanu's contention that the BIA's discretionary sua sponte determination was premised on legal or constitutional errors, and we otherwise lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (the court's jurisdiction to review BIA decisions denying sua sponte reopening is limited to reviewing the reasoning behind the decisions for legal or constitutional error).

17-70556

Munanu has identified no basis for revisiting this precedent at this time. *See Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (holding that a three judge panel "may reexamine normally controlling circuit precedent" only "where the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority").

Because the prejudice determination is dispositive, the BIA was not required to address Munanu's contentions regarding his prior counsel's performance. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004). For the same reason, we do not reach Munanu's remaining contentions regarding equitable tolling and due diligence. *See id.*

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**